WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Vianez,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Phoenix (F.C.I),<br><br>　　　　　Defendant. | No.  CV 13-1081-PHX-RCB (BSB)<br><br>**O R D E R** |

　　　　On May 28, 2013, Plaintiff Juan Vianez, who is confined in the United States Penitentiary-Florence in Florence, Colorado, filed a *pro se* Document ("Complaint") entitled "Production of document[]s (account statement)" "pursuant to 42 U.S.C. § 1983."  In a June 4, 2013 Order, the Court noted that Plaintiff had not paid the filing and administrative fees or filed an Application to Proceed *In Forma Pauperis* and gave Plaintiff 30 days to either pay the filing fee or file an Application to Proceed.  The Court also noted that the Complaint was not filed on a court-approved form as required by Local Rule of Civil Procedure 3.4.  The Court dismissed without prejudice the Complaint and gave Plaintiff 30 days to file an amended complaint on a court-approved form.

　　　　In the June 4 Order, the Court specifically warned Plaintiff that the Court could dismiss the case without further notice if Plaintiff failed to timely comply with the Order and specifically directed the Clerk of Court to enter a judgment of dismissal of this action without prejudice if Plaintiff: (1) failed to either pay the filing and administrative fees or

file a complete Application to Proceed *In Forma Pauperis* within 30 days, and (2) failed to file an amended complaint on a court-approved form.

On June 17, 2013, Plaintiff filed a document entitled "Vicontiel Writ" and an inmate account statement. He did not pay the filing and administrative fees or file an Application to Proceed *In Forma Pauperis* and did not file an amended complaint. Consequently, the Clerk of Court entered Judgment for failure to comply with the June 4 Order.

On August 5, 2013, Plaintiff filed an Objection (Doc. 7) to the Judgment. He argues that the Judgment is void and has no legal basis because a "jud[g]e's signature is required."

Under Rule 60(b)(4) of the Federal Rules of Civil Procedure, the Court may relieve a party from a final judgment that is void. "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999).

The Court directed the Clerk of Court to enter judgment if Plaintiff failed to comply with the June 4 Order, Plaintiff failed to comply, and the Clerk of Court entered Judgment as instructed. The Judgment is not void.

**IT IS ORDERED:**

(1) Plaintiff's Objection (Doc. 7) is **denied**.

(2) This case must remain **closed**.

. . . .

. . . .

. . . .

. . . .

1       (3)    Other than a document submitted in furtherance of an appeal, **the Clerk of Court shall accept no further documents for filing in this case number**.

DATED this 4th day of September, 2013.

                                                              Robert C. Broomfield
                                                             Senior United States District Judge